IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 21-00071-KD-N |
| | ) | |
| MICHAEL BATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on the defendant Michael Bates' motion for a reduced sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (doc. 40). Bates pleaded guilty to a single-count indictment charging the offense of possession of a firearm by a felon (docs. 1, 35). He was sentenced as follows:

> 37 months as to Count 1; said term is not a departure or a variance, but rather a four-month adjustment, pursuant to U.S.S.G. Section 5G1.3; said term is to run concurrently to any yet to be imposed state custody sentence, as referenced in Paragraph #41 of the presentence report. The Court designates the state facility as the place the defendant will serve his federal sentence.

(doc. 35). He is presently incarcerated at RRM Montgomery, a residential reentry management field office, and housed in a halfway house in Spanish Fort, Alabama (doc. 40, p. 3). Bates' release date is July 27, 2024. https://www.bop.gov/inmateloc//.

A. Statement of the law and standard of review

Effective November 1, 2023, the United States Sentencing Commission enacted Amendment 821 to the United States Sentencing Guidelines. The Commission has deemed that Part A and Part B Subpart 1 of the Amendment apply retroactively. U.S.S.G. § 1B1.10(d). Part A of Amendment 821 amends the method by which status points – criminal history points applied when a defendant "committed the instant offense while under any criminal justice

sentence, including probation, parole, supervised, release, imprisonment, work release or escape status" – are calculated. U.S.S.G. § 4A1.1(e).  Part B Subpart 1 of Amendment 821 creates a new Chapter Four Guideline which provides for a decrease of two levels from the offense level determined under Chapters Two and Three for certain zero-point offenders who meet all the criteria identified in U.S.S.G. § 4C1.1.

Part A and Part B Subpart 1 have the effect of lowering the guidelines range for certain defendants.  Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(d), the Court may reduce a defendants' sentence in these circumstances. See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("[A]mendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10([d]") (emphasis in original). The Court has discretion to decide whether to reduce a sentence and to what extent. United States v. Williams, 557 F. 3d 1254, 1257 (11th Cir. 2009).

In considering a § 3582(c)(2) motion for reduction of sentence, the Court of Appeals for the Eleventh Circuit "requires a district court to engage in a two-part analysis. First, the district court must determine 'a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed.'" United States v. Sawyer, 853 Fed. Appx. 578, 579 (11th Cir. 2021) (citing United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000)). "During this first step, only the amended guideline is changed, and all other guideline-application decisions made during the original sentencing remain intact." Id. "Second, the district court must decide 'whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence.'" Id. (citing Bravo, at 781). "For the second step, 'the court must consider the factors listed in § 3553(a) and determine whether or not to

reduce the defendant's original sentence.'" Id. (citing United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998)).

    B. Analysis

Bates moves the Court to retroactively apply Part A, adjust his status points, and reduce his sentence (doc. 40). At sentencing, two points were added to his criminal history computation because he committed the instant offense while on probation. With a total criminal history score of 13, his criminal history category was VI.

Bates' total offense level was 15 and with a criminal history category of VI, his sentencing guidelines range was 41 to 51 months (doc. 42, p. 1). He was sentenced to 37 months with a four-month adjustment pursuant to U.S.S.G. § 5G1.3 (doc. 35). Application of Part A of Amendment 821 results in a one-point reduction of his criminal history score from 13 to 12, which in turn lowers his criminal history category from VI to V. According to the revised guidelines calculation prepared by the United States Probation Office, his revised criminal history category is V, and with a total offense level of 15, yields a sentencing guidelines range of 37 to 46 months. Imposing a comparable adjustment of credit for four months would result in a sentence of 33 months (doc. 42).

The Court has reviewed and considered Bates' motion, the Final Report on Eligibility and the Presentence Investigation Report prepared by the United States Probation Office (doc. 42 (under seal)), and the docket. The Court has considered all relevant factors prescribed by U.S.S.G. § 1B1.10 and Application Note 1(B).[1] The Court finds that a sentence reduction is not

---

[1] When deciding whether a reduction is warranted and the extent of the reduction, as limited by U.S.S.G. § 1B1.10(b), the Court "shall consider" the factors in 18 U.S.C. § 3553(a), "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "post-sentencing conduct of the defendant." U.S.S.G. § 1B1.10 and Application Note 1(B).

warranted in this action and declines to exercise its discretion. Completing the residential re-entry management program is necessary considering Bates' criminal history and conduct in the instant offense. The thirty-seven (37) month sentence imposed remains sufficient to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), and (a)(2)(C).

Accordingly, unless either party files a written objection, on or before **March 22, 2024,** the Court will enter an order denying Bates' motion.

DONE and ORDERED this the 1st day of March 2024.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE